UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLYN S. LONG,<br><br>     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>     Defendant. | NO.  C15-5274-TSZ-JPD<br><br><br>REPORT AND<br>RECOMMENDATION |

   Plaintiff Carolyn S. Long appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-83f, after a hearing before an administrative law judge ("ALJ").  For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and that this case be REMANDED for further administrative proceedings.

## I.   FACTS AND PROCEDURAL HISTORY

   At the time of the administrative hearing, Plaintiff was a 53-year-old woman with a tenth-grade education and a GED.  Administrative Record ("AR") at 37-38.  She has no work history.  AR at 214.

   On January 25, 2012, Plaintiff protectively filed a claim for SSI payments, alleging an

REPORT AND RECOMMENDATION - 1

onset date of July 16, 2005.[1]  AR at 190-96, 203.  Plaintiff asserts that she is disabled due to depression, chronic obstructive pulmonary disease ("COPD"), bilateral shoulder pain, and drug addiction.  AR at 207.

The Commissioner denied Plaintiff's claim initially and on reconsideration.  AR at 101-18.  Plaintiff requested a hearing, which took place on August 2, 2013.  AR at 30-61.  On August 30, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform a specific job existing in significant numbers in the national economy.  AR at 12-25.  Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-6, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On April 29, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision.  Dkt. 1, 3.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for determining credibility, resolving conflicts in

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to January 25, 2012.  AR at 35.

medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Long bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the

national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

### V.   DECISION BELOW

On August 30, 2013, the ALJ found:

1.   The claimant has not engaged in substantial gainful activity since January 25, 2012, the application date.

2.   The claimant's major depressive disorder, generalized anxiety disorder, polysubstance dependence in partial remission (with methadone maintenance), COPD, hepatitis C, and shoulder abnormalities are severe.

3.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

4.   The claimant has the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except that she cannot perform more than frequent stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; cannot perform more than occasional climbing of ladders, ropes, or scaffolds; cannot perform more than occasional overhead reaching; and cannot work with concentrated exposure to pulmonary irritants or hazards such as open machinery or unprotected heights. She can perform simple, routine tasks.

5.   The claimant has no past relevant work.

6.   Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

1

2
       7.      The claimant has not been under a disability, as defined in the Social
Security Act, since January 25, 2012, the date the application was
filed.

3
AR at 14-25.

4
## VI.     ISSUE ON APPEAL

5
The principal issue on appeal whether the ALJ erred in assessing medical opinion

6
evidence.  Dkt. 10 at 1.

7
## VII.     DISCUSSION

8
Plaintiff challenges the ALJ's assessment of a number of medical opinions, and argues

9
that errors in the ALJ's analysis led to errors in the RFC assessment and step-five findings.

10
The Court will address each disputed opinion in turn.

11
A.    *Legal Standards*

12
As a matter of law, more weight is given to a treating physician's opinion than to that

13
of a non-treating physician because a treating physician "is employed to cure and has a greater

14
opportunity to know and observe the patient as an individual."  *Magallanes*, 881 F.2d at 751;

15
*see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  A treating physician's opinion,

16
however, is not necessarily conclusive as to either a physical condition or the ultimate issue of

17
disability, and can be rejected, whether or not that opinion is contradicted.  *Magallanes*, 881

18
F.2d at 751.  If an ALJ rejects the opinion of a treating or examining physician, the ALJ must

19
give clear and convincing reasons for doing so if the opinion is not contradicted by other

20
evidence, and specific and legitimate reasons if it is.  *Reddick v. Chater*, 157 F.3d 715, 725

21
(9th Cir. 1988).  "This can be done by setting out a detailed and thorough summary of the facts

22
and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Id.*

23
(citing *Magallanes*, 881 F.2d at 751).  The ALJ must do more than merely state his/her

24
conclusions.  "He must set forth his own interpretations and explain why they, rather than the

1  doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

2  Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at

3  725.

4      The opinions of examining physicians are to be given more weight than non-examining

5  physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the

6  uncontradicted opinions of examining physicians may not be rejected without clear and

7  convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining

8  physician only by providing specific and legitimate reasons that are supported by the record.

9  *Bayliss,* 427 F.3d at 1216.

10      Opinions from non-examining medical sources are to be given less weight than treating

11  or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the

12  opinions from such sources and may not simply ignore them. In other words, an ALJ must

13  evaluate the opinion of a non-examining source and explain the weight given to it. Social

14  Security Ruling ("SSR") 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996). Although an ALJ

15  generally gives more weight to an examining doctor's opinion than to a non-examining

16  doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial

17  evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at

18  957; *Orn*, 495 F.3d at 632-33.

19  B.      *State Agency Consultant*

20      State agency psychological consultant Matthew Comrie, Psy.D., opined that Plaintiff

21  "is capable of performing [simple, routine tasks]. May have occasional absences and would

22  need additional supervision [with] decision making due to poor judgment." AR at 92. The

23  ALJ gave "good weight" to Dr. Comrie's opinion, finding Plaintiff capable of performing

24  simple, routine tasks. AR at 23. The ALJ rejected Dr. Comrie's opinion regarding occasional

absences, citing the subsequent record, which demonstrates that Plaintiff could "consistently present in a timely fashion to scheduled appointments."  *Id*.

The ALJ did not explain why he did not account for Dr. Comrie's opinion that Plaintiff required additional supervision with decisionmaking, and this is error.  The Commissioner argues that the ALJ's RFC assessment is nonetheless consistent with Dr. Comrie's opinion, because simple, routine tasks require only "limited reasoning," but this argument overlooks the fact that Dr. Comrie himself noted that Plaintiff could complete simple, routine tasks, but also noted a requirement for additional supervision with decisionmaking.  Dkt. 11 at 5.  Thus, simply limiting Plaintiff to simple, routine tasks does not account for all of Dr. Comrie's opinion, and the ALJ erred in failing to explain why that portion was not included in the RFC assessment.  *See* SSR 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

Plaintiff also argues that the ALJ erred in rejecting Dr. Comrie's opinion regarding Plaintiff's occasional absences, contending that the ALJ did not cite specific, legitimate reasons to discount it.  In this portion of the decision, the ALJ found that Plaintiff's treatment record demonstrated "consistent[]" attendance at scheduled appointments, but elsewhere in the decision, the ALJ noted that Plaintiff had missed some of her appointments.  *Compare* AR at 23 *with* AR at 20-21.  The ALJ inferred from Plaintiff's absenteeism that she did not comply with treatment recommendations to eliminate symptoms and restore function.  AR at 21.  The Commissioner argues that the ALJ's findings are not internally inconsistent because the evidence cited showed that Plaintiff missed appointments due to failure to engage in treatment, rather than because of her mental health.  Dkt. 11 at 4-5.  This "distinction" is irrelevant because even assuming that there is no connection between mental health and a failure to

1    engage in treatment, Dr. Comrie did not link Plaintiff's absenteeism specifically to her mental

2    health.  Thus, the context provided by the Commissioner does not explain or eliminate the

3    internal inconsistency in the ALJ's decision.

4         On remand,[3] the ALJ shall reconsider Dr. Comrie's opinion and either accommodate all

5    of it, or provide specific, legitimate reasons to discount it.

6    C.    *Loren W. McCollom, Ph.D.*

7         Dr. McCollom performed a consultative psychological evaluation of Plaintiff in April

8    2013, and provided the following medical source statement:

9         This fifty-three year-old female reported her disability as
         physical/mental/cognitive limitations.  She performed poorly on the memory
10        portion of the [mental status examination].  She was able to sustain her level of
         attention and concentration sufficiently to meet the objectives of the
11        psychodiagnostic interview, although her appointment required an addition[al]
         15 minutes.  She was able to interact in a socially appropriate manner, although
12        she asserts that she has difficulty getting along with others and in establishing
         and maintaining healthy boundaries.  She lacks a positive support system.  Her
13        adaptive capabilities are compromised by her mental health symptoms, as
         evidence[d] by her passive suicidal ideation.  She currently participates in
14        psychotherapy, although her progress has been hindered by a high turnover rate,
         which also impacts her ability to build a relationship with her therapist.  She is
15        not capable of independently managing her finances.

16   AR at 410-17.  Dr. McCollom rated Plaintiff's Global Assessment of Functioning ("GAF") as

17   45, which corresponds to "serious symptoms" or "any serious impairment in social,

18   occupational, or school functioning."  Diagnostic and Statistical Manual of Mental Disorders

19   34 (4th ed. 2000).  The ALJ gave "great weight" to Dr. McCollom's opinion, and found that it

20   was consistent with a restriction to simple, routine tasks.  AR at 22.  The ALJ did not mention

21   Dr. McCollom's GAF score.

22   _____

23        [3] Although Plaintiff requests a remand for a finding of disability, this remedy is
     inappropriate in light of the errors identified.  Neither Dr. Comrie's opinion nor Dr.
     McCollom's opinion would necessarily establish disability, even if credited, and thus a remand
24   for further proceedings is appropriate.  *See Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir.
     2014).

1    Plaintiff argues that the ALJ erred in failing to account for Dr. McCollom's opinion

2    that Plaintiff required additional time to meet task objectives.  Dkt. 10 at 8.  Dr. McCollom's

3    report does not explicitly contain such an opinion, however.  Dr. McCollom noted that

4    Plaintiff's appointment lasted longer than the timeslot allotted, but he did not explain why that

5    was, or indicate that Plaintiff would require extra time in a work setting.  AR at 417.

6    Dr. McCollom's medical source statement does contain indications that Plaintiff's

7    symptoms were more limiting than found by the ALJ, however: Dr. McCollom found that

8    Plaintiff's "adaptive capabilities are compromised by her mental health symptoms," and that

9    she is not "capable of independently managing her finances."  AR at 417.  The ALJ did not

10   explain why these findings, or the GAF score of 45, were not credited or why he rejected them.

11   The RFC assessment is not consistent with these portions of Dr. McCollom's opinion, and the

12   ALJ should reconsider the opinion on remand.

13   D.   *Alysa Ruddell, Psy.D.*

14   Dr. Ruddell examined Plaintiff in April 2012 and completed a DSHS form opinion,

15   describing several marked/severe limitations affecting Plaintiff's ability to work.  AR at 423-

16   27.  The ALJ noted that even though Dr. Ruddell found Plaintiff would have marked/severe

17   limitations in her ability to maintain a schedule, and mentioned a sleep disturbance that she

18   opined would impair concentration and alertness and lead to accidents and careless mistakes,

19   Plaintiff did not report sleep disturbances or schedule problems to Dr. Ruddell.  AR at 23

20   (citing AR at 425).  The ALJ also noted that Plaintiff's mental status examination findings

21   related to completing a three-step command and interpreting proverbs demonstrated intact

22   functioning, which he construed to be inconsistent with Dr. Ruddell's conclusions, and also

23   noted that Plaintiff's performance on mental status examination had improved by the time of

24   Dr. McCollom's evaluation, when she was clean and sober.  AR at 23.  The ALJ also cited

REPORT AND RECOMMENDATION - 10

subsequent treatment records, from a time period during which Plaintiff was clean and sober, showing that Plaintiff was able to adapt to change, ask for assistance, and consistently present as positive, cooperative, logical, and oriented.  AR at 23 (citing AR at 433-42).  In light of these inconsistencies, the ALJ gave "little weight" to Dr. Ruddell's opinion.

Plaintiff argues that the ALJ's assessment is erroneous because (1) she did, in fact, report sleep disturbances to Dr. Ruddell (AR at 424); (2) the ability to complete a three-step command and interpret proverbs are not inconsistent with Dr. Ruddell's conclusions, because she found Plaintiff capable of completing simple tasks; and (3) the findings contained in the cited treatment notes do not contradict any of Dr. Ruddell's opinions regarding marked/severe limitations.  Dkt. 10 at 9-10.  The Commissioner concedes that the ALJ erred in finding that Plaintiff had not reported sleep disturbances to Dr. Ruddell, but contends that this error is harmless because the ALJ's other reasons to discount Dr. Ruddell's opinion are specific and legitimate.

The Court agrees.  The ALJ cited specific portions of Dr. Ruddell's opinion as well as other evidence in the record that contradicts Dr. Ruddell's conclusions.  Specifically, the ALJ noted that by the time of Dr. McCollom's evaluation, when Plaintiff had been clean and sober for one and a half years, her mental status examination findings had improved.  AR at 23; *compare* AR at 414-16 *with* AR at 426.  At the time of Dr. Ruddell's evaluation, Plaintiff reported she had drunk alcohol ten days earlier.  AR at 424.

The ALJ also cited subsequent treatment records showing that Plaintiff was capable of asking for assistance, which also shows improvement since Dr. Ruddell's evaluation.  *See* AR at 425 (Dr. Ruddell's opinion that Plaintiff had marked/severe limitations in the ability to ask for assistance appropriately), 429-42 (repeatedly describing Plaintiff as "respond[ing] well to intervention and accept[ing] support").  The inconsistencies between Dr. Ruddell's opinion and

1    other parts of the record constitute a specific, legitimate reason to discount Dr. Ruddell's

2    opinion.  *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding it not

3    improper to reject an opinion presenting inconsistencies between the opinion and the medical

4    record).

5              Furthermore, as noted by the ALJ, Plaintiff did not report schedule problems to Dr.

6    Ruddell, and instead reported attending methadone appointments three days a week, taking

7    care of her mother-in-law (with whom she lives), and completing household tasks.  *See* AR at

8    424.  The ALJ did not err in finding that Dr. Ruddell's opinion that Plaintiff had marked/severe

9    limitations in the ability to maintain a schedule lacked foundation.[4]

10   E.      *DeDe Hazard, CDP*

11             Ms. Hazard, Plaintiff's therapist, completed a checkbox opinion in September 2012,

12   which rates Plaintiff's functioning in various categories with no narrative explanation.  AR at

13   406-08.  The ALJ gave little weight to Ms. Hazard's opinion that Plaintiff was markedly

14   limited in most areas, finding it inconsistent with the opinions of acceptable medical sources,

15   and inconsistent with Plaintiff's demonstrated abilities.  AR at 23-24.  Plaintiff argues that

16   these reasons are not germane, because Dr. McCollom's and Dr. Ruddell's opinions are

17   consistent with Ms. Hazard's opinion, and because the ALJ failed to explain which

18   "demonstrated abilities" contradict Ms. Hazard's opinion.  Dkt. 10 at 12-13.

19             In order to determine whether a claimant is disabled, an ALJ may consider lay-witness

20   sources, such as testimony by nurse practitioners, physicians' assistants, and counselors, as well

21   as "non-medical" sources, such as spouses, parents, siblings, and friends.  *See* 20 C.F.R. §

22   404.1513(d).  Such testimony regarding a claimant's symptoms or how an impairment affects

23             ─────────────────
              [4] Dr. Ruddell's opinion appears to indicate that Plaintiff's limitations in this regard
24   were caused by "[s]omatic concerns and health issues[,]" which is arguably outside the scope
     of Dr. Ruddell's psychological evaluation.  AR at 425.

1   his/her ability to work is competent evidence, and cannot be disregarded without comment.

2   *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).  If an ALJ chooses to discount testimony

3   of a lay witness, he must provide "reasons that are germane to each witness," and may not

4   simply categorically discredit the testimony.  *Dodrill,* 12 F.3d at 919.

5        Plaintiff's challenge to the ALJ's assessment of Ms. Hazard's opinion is unavailing.

6   Plaintiff contends that Ms. Hazard's opinion is consistent with Dr. McCollom's opinion, but

7   the marked limitations assessed by Ms. Hazard are not rated as such by Dr. McCollom.

8   *Compare* AR at 406-08 *with* AR at 417.  And to the extent that Plaintiff argues that Ms.

9   Hazard's opinion is consistent with Dr. Ruddell's opinion, this argument does not bolster the

10  value of Ms. Hazard's opinion because the ALJ properly discounted Dr. Ruddell's opinion, as

11  explained *supra*.  Inconsistency with the medical record is a germane reason to discount an

12  "other" source opinion, and the ALJ therefore did not err.  *See Bayliss*, 427 F.3d at 1218.

13       Inconsistency with a claimant's activities is another germane reason to discount an

14  "other" source opinion.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1164

15  (9th Cir. 2008).  Ms. Hazard's opinion was inconsistent with Plaintiff's capabilities because,

16  for example, the record indicated that Plaintiff used public transportation to travel to her

17  methadone clinic three days a week, and Plaintiff reported an ability to use public

18  transportation.  AR at 223, 424.  Ms. Hazard, however, opined that Plaintiff was markedly

19  limited in her ability to use public transportation.  AR at 407.  Because the record regarding

20  Plaintiff's capabilities is not entirely consistent with Ms. Hazard's opinion, the ALJ was

21  entitled to discount it.

22                          VIII.   CONCLUSION

23       For the foregoing reasons, the Court recommends that this case be REVERSED and

24  REMANDED to the Commissioner for further proceedings not inconsistent with the Court's

REPORT AND RECOMMENDATION - 13

1   instructions.  A proposed order accompanies this Report and Recommendation.

2          Objections to this Report and Recommendation, if any, should be filed with the Clerk

3   and served upon all parties to this suit by no later than **December 31, 2015**.  Failure to file

4   objections within the specified time may affect your right to appeal.  Objections should be

5   noted for consideration on the District Judge's motion calendar for the third Friday after they

6   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

7   objections.  If no timely objections are filed, the matter will be ready for consideration by the

8   District Judge on **January 4, 2016**.

9          This Report and Recommendation is not an appealable order.  Thus, a notice of appeal

10  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

11  assigned District Judge acts on this Report and Recommendation.

12         DATED this 17th day of December, 2015.

13

14  _____
    JAMES P. DONOHUE
15  Chief United States Magistrate Judge

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 14